Mr. Mark Burnette, Attorney Mitchell, Blackstock, Barnes, Wagoner Ivers 1010 W. 3rd Street Little Rock, AR 72201
Dear Mr. Burnette:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), a section of the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107), concerning the release of certain records under the FOIA.
You indicate that you represent two individuals who work for the Little Rock School District. The Arkansas Democrat-Gazette has requested certain records from your clients' personnel files. It is your understanding that the custodian of the records has determined that the records will be released (absent a contrary opinion from this office). It is your position that some of these records should not be released. You have given me an opportunity to review the records in question. Those that you believe should not be released are the following:
Regarding Employee No. 1:
• A letter dated August 22, 1996.
• A letter dated August 20, 1996.
• A letter dated August 16, 1996.
Regarding Employee No. 2:
• Minutes of a meeting dated January 24, 1997.
• A letter dated January 21, 1997.
• A memorandum dated September 25, 1996.
• A memorandum dated September 30, 1996.
• A letter dated January 24, 1997.
• A handwritten memorandum dated December 5, 2000.
• A letter dated March 24, 1997.
• A letter dated March 25, 1997.
• A letter dated March 12, 1997.
• A letter dated January 22, 1997.
I am directed by law to issue an opinion as to whether the custodian's determination regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
It is my opinion, as explained more fully below, that some of the records should be released, and that others should not be released, under the tests for releasability that are applicable to the various records. Before discussing the particular records, I will set out those tests.
Some of the records are "personnel records" and others are "employee evaluation/job performance records." These two types of records are subject to two different standards of releasability.
Personnel Records
The FOIA does not define the term "personnel records." However, this office has consistently taken the position that "personnel records" are all records, other than employee evaluation/job performance records (discussed below), that pertain to individual employees, former employees, or successful job applicants. See, e.g., Ark. Ops. Att'y Gen. Nos. 2000-130; 99-147, citing Watkins, The Arkansas Freedom ofInformation Act (m m Press, 3d ed. 1998), at 134.
Under the FOIA, personnel records are subject to disclosure except to the extent that their release would constitute a "clearly unwarranted invasion of [the] personal privacy" of the employee whose records they are. A.C.A. § 25-19-105(b)(10).
Employee Evaluation/Job Performance Records
The FOIA also does not define the term "employee evaluation/job performance records." I have taken the position that records relating to an employee's performance or lack of performance on the job are properly classified as "employee evaluation/job performance records" under the FOIA. See, e.g., Op. Att'y Gen. No. 2000-242.
"Employee evaluation/job performance records" are exempt from disclosure to the public unless the following three conditions have been met:
 • There has been a final administrative resolution of any suspension or termination proceeding;
 • The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 • There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
It should be noted that the presupposition of the above-stated test is that there was final administrative decision that ended in a suspension or termination.
Employee No. 1's Records
It is my opinion that the letter dated August 22, 1996 should be released. This record is an employee evaluation/job performance record. Employee No. 1 was subjected to at least a partial suspension of job duties. The exception for job performance records does not apply if there has been a final administrative resolution of any suspension or termination proceeding and the other criteria are met. See A.C.A. §25-19-105(c)(1). It appears additionally that the record formed a basis for the suspension, the time period for exercising any administrative appeals has expired and, in my opinion, there is a compelling public interest in disclosure.
It is my opinion that the letter dated August 20, 1996 should be released. This record does not pertain specifically to any employee. It is therefore neither an employee evaluation record nor a personnel record. It is simply a "public record," within the meaning of the FOIA, and is subject to release.
It is my opinion that the letter dated August 16, 1996 should not be released. This record constitutes an employee evaluation/job performance record of another employee. Because that other employee was never suspended nor terminated, this record should not be released.
Employee No. 2's Records
It is my opinion that the following records all constitute employee evaluation/job performance records and should not be released: the minutes of the meeting dated January 24, 1997; the memorandum dated September 25, 1996; the letter dated January 24, 1997, the memorandum dated September 30, 1996; and the letter dated March 12, 1997. Because no final suspension or termination occurred as to Employee No. 2, these records should not be released.
It is my opinion that the letter dated January 21, 1997, the letter dated March 24, 1997, and the letter dated March 25, 1997, should not be released. These records constitute personnel records, and their release would, in my opinion, constitute a clearly unwarranted invasion of Employee No. 2's privacy.
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." The court has found that the employee's interest outweighs the public's interest in cases where the record reveals the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends.See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). In my opinion, Employee No. 2's privacy interest in the letters in question outweighs the public's interest under the guidelines provided by the court. They therefore should not be released.
It is my opinion that the letter dated January 22, 1997 should not be released. This record constitutes an employee evaluation/job performance record of the employee to whom it was issued. Because that employee was never suspended or terminated, this record should not be released.
It is my opinion that the handwritten memorandum dated December 5, 2000 should be released. This record constitutes the personnel record of both the author of the memorandum, and of any employees mentioned in the memorandum. It does not contain any information which, if released, would constitute a clearly unwarranted invasion of the personal privacy of any of the affected employees.
As a final matter, I note that the custodian of the records should scrutinize any records that he determines to be releasable in response to the request that has been presented, prior to releasing them, for the purpose of identifying any information that might be subject to a special exemption from disclosure under the FOIA or other laws, such as social security numbers. Any such information that is identified should be redacted from these documents prior to their release.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh